*Exhibit A*

```
                                            FILED
                                    KING COUNTY, WASHINGTON

                                         OCT 3 0 2013

                                       SUPERIOR COURT CLERK
```

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| Plaintiff, | ) No. 12-C-06155-2 SEA |
| vs. | ) |
| | ) STATE'S MOTION TO EXCLUDE |
| | ) EVIDENCE UNDER ER 401 AND |
| TARIQ SHABAZZ, | ) 403 |
| | ) |
| Defendant. | ) |

## I. INTRODUCTION

At the same time the defendant, Tariq Shabazz, was charged, a second individual was charged as the defendant's accomplice. Subsequent investigation revealed this individual was the wrong suspect. Further investigation conclusively identified the correct second suspect as William Lawson and Lawson has been charged. Because it has no relevance to the trial of defendant Shabazz, the State moves to exclude evidence of the original charging and dismissal of the suspected accomplice under ER 401 and 403.

STATE'S ER 404(b) BRIEF
Page - 1

Daniel Satterberg, Prosecuting Attorney
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 296-9000
FAX (206) 296-0955

24071660

## II. FACTS AND CHARGES

The defendant Shabazz was identified early in the investigation as he had given the victim his phone number on a scrap of paper. However, Detective Novisedlak continued his investigation to attempt to identify the second suspect.

The detective obtained Shabazz's T-mobile phone records and identified a phone number that Shabazz called many times on the day of the incident—707-235-4178. The detective reviewed several databases to try to identify who the number was linked with. Eventually, he found the number was linked the name Randy Stevens. He then looked up Randy Stevens in a booking database and found that Stevens was consistent, in a general sense, with the description given by the victim, JC. Because of this consistency and because the detective believed he was linked to the phone number, the detective prepared a montage with Stevens. He showed it to the victim but she could not identify Stevens. The detective saw that the picture was outdated and attempted to obtain a picture closer in time to the incident. The only picture he could obtain was an older booking photo. He prepared a new montage with the older photo and showed this to the victim. Again she did not identify anyone. Eventually, the detective was able to obtain a DOL picture that was issued very close in time to the incident. Due to the difficulties in preparing a montage of booking photos with a DOL picture, the detective showed the sole DOL photo to JC and asked if she recognized the person. JC reported that it was the second suspect.

Because of the identification as well as the perceived link between the phone number and Shabazz, the State charged Mr. Stevens. Shortly after charging, Mr. Steven's defense counsel approached the State, indicating that she believed Mr. Stevens was the wrong person. The State, eager to ensure that the correct individual was charged, revisited the issue. A paralegal for the

STATE'S ER 404(b) BRIEF
Page - 2

Daniel Satterberg, Prosecuting Attorney
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 296-9000
FAX (206) 296-0955

24071660

1   State retraced the steps taken by the detective and discovered that the middle initial for the
2   Randy Stevens linked to the phone was different from the Randy Stevens who had been charged.
3   Further investigation confirmed that the wrong person had been charged. Detective Novisedlak
4   contacted JC again and JC reported that she had identified Mr. Stevens as "looking like" the
5   second suspect but was not 100% sure. The State dismissed charges against Mr. Stevens.
6       Subsequent investigation by Det. Novisedlak eventually traced the phone number to an
7   apartment building near the 7-11 where the second suspect had entered the car. Several
8   interviews later, the detective was able to identify William Lawson as a user of the phone
9   number above. The detective prepared another montage with Mr. Lawson and this time JC
10  identified Mr. Lawson with 100% certainty. The detective was then able to actually make
11  contact with Mr. Lawson on the phone in California. During the interview Mr. Lawson admitted
12  to being the second suspect in the vehicle on November 19. Mr. Lawson was then formally
13  charged.

## III. ARGUMENT

The defendant has indicated an intention to offer evidence of the charging of Randy Stevens. The court should exclude this evidence.

Evidence Rule 401 defines "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Although this is an admittedly low standard, the evidence by the explicit terms of the rule must still have *some* tendency to a fact of *consequence* more or less probable. Evidence Rule 403 provides that evidence, even where relevant, maybe be excluded if its probative value is substantially outweighed by the danger of

STATE'S ER 404(b) BRIEF
Page - 3

Daniel Satterberg, Prosecuting Attorney
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 296-9000
FAX (206) 296-0955

24071660

"unfair prejudice, confusion of the issues, or misleading the jury..."

Here the charging of Stevens has no tendency to make any fact of consequence more or less likely. JC identified the defendant in a montage, as did Caitlin Gregg. Additionally, the defendant is linked to JC by the phone number he gave her. There is no evidence that raises any substantive issue as to identification of Shabazz. Therefore, the fact that JC incorrectly picked a different individual as the second suspect has no tendency to make her identification of Shabazz more or less likely, particularly where everyone involved in the case agrees that the identification is correct.

The defendant may argue that the misidentification of Stevens has some relevance to the identification of Shabazz. However, the defendant has already acknowledged to the court that identity is not at issue in this case; intent is. Therefore, the misidentification of Stevens has no bearing on whether Shabazz was correctly identified.

Finally, even if the defendant can articulate some relevance for the evidence, any speculative probative value is substantially outweighed by the danger of confusing the issues for the jury by creating a side-show trial on the investigation of the second suspect.

## VI. CONCLUSION

For these reasons, the court should exclude any evidence or argument relating to the charging of Randy Stevens from the trial of Tariq Shabazz.

DATED this 30th day of October, 2013.

STATE'S ER 404(b) BRIEF
Page - 4

Daniel Satterberg, Prosecuting Attorney
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 296-9000
FAX (206) 296-0955

24071660

|   |   |
|---|---|
| 1 | DANIEL SATTERBERG |
| 2 | King County Prosecuting Attorney |
| 3 | By: *[signature]* |
| 4 | Valiant Richey, WSBA #37209 |
|   | Senior Deputy Prosecuting Attorney |

STATE'S ER 404(b) BRIEF
Page - 5

Daniel Satterberg, Prosecuting Attorney
W554 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 296-9000
FAX (206) 296-0955